UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| TODD ZETTER, et al.,            ) | |
|                                 ) | |
|     Plaintiffs,                 ) | Civil Action No. 6: 03-218-DCR |
|                                 ) | |
| V.                              ) | |
|                                 ) | |
| GRIFFITH AVIATION, INC., et al.,) | **MEMORANDUM OPINION** |
|                                 ) | **AND ORDER** |
|     Defendants.                 ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Defendants' joint motions to strike the Plaintiffs' liability expert, Joseph P. Keating. [Record Nos. 57, 59] They claim that the Plaintiffs failed to meet the requirements for disclosure of expert testimony provided for in Rule 26(a)(2) of the Federal Rules of Civil Procedure and mandated in this Court's Scheduling Order. The Defendants seek to have Keating stricken as an expert witness or, in the alternative, they seek an extension of sixty days to file their expert disclosures. For the reasons discussed herein, the Court will grant part of the relief sought by the Defendants.

The Plaintiffs were required to make expert disclosures by March 30, 2005. Although the Plaintiffs identified Keating as an expert, they did not: (1) produce a written report from Keating; (2) provide a list of his qualifications; (3) provide Keating's compensation; (4) or provide a list of cases in which he had testified within the past four years, all in violation of Rule 26(a). [Record No. 57] Plaintiffs responded by stating that "this case has been on hold awaiting

the National Transportation Safety Board's Accident Report" and thereafter, pending mediation. [Record No. 58]

Shortly after the Plaintiffs filed their response to the first motion, the Defendants filed a second motion, attaching an updated disclosure from the Plaintiffs (filed after the Defendants' first motion to exclude) which included additional information about Keating. [Record No. 59, Ex. A] The supplemental report: (1) was not prepared and signed by Keating; (2) did not include a list of his publications for the past ten years; (3) did not include his compensation; and (4) did not provide a list of cases in which Keating has testified in the past four years. Further, the extremely brief "report," signed and prepared by the Plaintiffs' attorney, indicated that "Mr. Keating will express further opinions on other issues, including the status of the flight and the responsibilities of the parties pending further discovery and examination of the aircraft wreckage." [Record No. 59, Ex. A] In response to the second motion, the Plaintiffs simply state that "[t]he case has essentially stood still until it was recently found that no settlement could be reached." [Record No. 62]

Despite the Plaintiffs' assumptions, the record does not indicate that this matter was ever stayed by this Court. The Court did provide, however, in the original Scheduling Order, that the parties could move the Court to extend the expert witness disclosure deadlines if the parties had difficulty reviewing the plane wreckage. [Record No. 35] In fact, the Court previously granted the parties' joint motion to extend various deadlines, including the parties' expert witness disclosures. [Record No. 50] And although this may be a complicated case, the Plaintiffs should not presume that deadlines have been extended without first seeking leave from the Court.

"Rule 37 provides that the trial judge should not exclude expert testimony unless the failure to disclose is both unjustified and harmful.  The non-disclosing party bears the burden of proving that a disclosure was harmless." *United States v. Rapanos*, 376 F.3d 629, 644-45 (6th Cir. 2004) (citations omitted).  The Plaintiffs claim that their failure to timely disclose was harmless, given that the trial in this matter is not scheduled until October 2006.  As noted by the Defendants, however, the late disclosures prejudice them in filing their own expert witness disclosures.

The Defendants have suggested extending their own expert filings deadlines and it appears that such a solution will remove or reduce the prejudice to the Defendants without requiring the drastic step of precluding Keating's trial testimony in its entirety.  The Court will require the Plaintiffs to *fully* comply with the requirements of Rule 26(a)(2)(B) prior to July 1, 2005.  The Plaintiffs are advised in advance that the Court is not inclined to grant further extensions of time regarding full and complete disclosure of expert information and reports.  Further, Keating's report and trial testimony will be limited to issues outlined in the brief report submitted by Plaintiffs' counsel. [Record No. 59, Ex. A]  Keating will not be permitted to expand the scope of his report, as contemplated in the deficient report prepared by counsel, which states that "Keating will express further opinions on other issues, including the status of the flight and the responsibilities of the parties pending further discovery and examination of the aircraft wreckage."

Accordingly, it is hereby **ORDERED** as follows:

(1) The Defendants' motions to strike Keating as an expert witness [Record Nos. 57 & 59] will be **DENIED** to the extent that they seek to totally exclude Keating from testifying at trial. However, the motions will be **GRANTED** to the extent that they seek to extend their expert witness deadlines for a period of sixty (60) days from the previous deadline. In addition, the Defendants' motions will be **GRANTED** to the extent that they seek to prohibit Keating from expressing opinions regarding issues not specifically designated in the Plaintiffs' attorney's recent report. [Record No. 59, Ex. A] Thus, Keating will not be allowed to testify at trial concerning "the status of the flight and the responsibilities of the parties pending further discovery and examination of the aircraft wreckage."

(2) The Plaintiffs are directed to produce and serve an expert report complying fully with Rule 26(a)(2)(B), on or before July 1, 2005. Failure to do so will result in the total exclusion of Keating's testimony. Further, Plaintiffs are put on notice that further failures to meet the requirements of the Scheduling Order, as well as the requirements of the Federal Rules of Civil Procedure, will result in more severe sanctions.

This 23rd day of June, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge