UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| TODD ZETTER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 6: 03-218-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| GRIFFITH AVIATION, INC., et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant Powersource's Motion to Strike Portions of Todd and Mia Zetter's Affidavits. [Record No. 106] The Court will grant the motion regarding paragraph 14 of Todd Zetter's affidavit, but deny it with respect to the remaining parts of that affidavit. Further, because parts of Mia Zetter's affidavit contains unsupported hearsay statements, the Defendant's motion will be granted with respect to a portion of paragraphs 9 and 18 of that affidavit.

**Todd Zetter Affidavit**

Paragraph 14

Powersource contends that paragraph 14 of Todd Zetter's affidavit should stricken because it contradicts previously sworn testimony given in his deposition. [Record No. 106, pg. 2] Plaintiffs respond that the affidavit does not directly contradict Todd Zetter's sworn deposition. [Record No. 110, pg. 3] Alternatively, plaintiffs seem to suggest that even if it does

contradict his deposition, that contradiction is harmless because there are other, independent factual issues which would also be grounds to deny summary judgment. *Id.* at 4

The specific fact at issue is whether Todd Zetter ever overheard Lisa Premil specifically request of Griffith that Shalabh Agarwal be the pilot on any particular flight. In his affidavit, Zetter states "in each of these instances [in which I was present], Lisa Premil would specifically request that Shalabh Agarwal be the pilot for the flights." [Record No. 106, Ex. 3, ¶ 4] This contradicts Todd Zetter's deposition testimony. On page 103 of his deposition, in response to a question about what Premil did to arrange flights, Zetter stated "[w]hether she schedules a pilot or who she contacts or what the contents of that discussion is, I do not know." [Record No. 106, Ex. 5, pg. 5]

"A party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts [his] earlier deposition testimony." *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986), *citing Biechele v. Cedar Point, Inc.*, 747 F.2d 209, 215 (6th Cir. 1984). If Todd Zetter had any knowledge of how Premil arranged the flights, who she spoke to or whether she made any specific requests, he was "required to bring it out at the deposition and could not contradict [his] deposition testimony in a subsequent affidavit." *Id.*

Plaintiffs argue that under *Biechele*, portions of an affidavit should only be stricken where "there is both a contradiction and an attempt to create a fact issue where there is none." 747 F.2d at 215. Plaintiff argues that because this is not the only disputed factual issue, *Biechele* would treat contradictory affidavit testimony as essentially "harmless error". [Record No. 110, pg. 4] This argument is without merit, since it would allow a party to submit disallowed testimony

under the cover of other, more reliable testimony. Moreover, plaintiffs' reliance on *Biechele* is incorrect. In *Biechele*, the language cited by plaintiffs is explained by the fact that the contradiction between the affidavit and deposition created the only disputed issue of fact. *Id.* *Biechele* simply does not extend as far as plaintiffs contend. Paragraph 14 of Todd Zetter's Affidavit will not be considered in connection with the pending motions for summary judgment.

Paragraph 17

Powersource also challenges paragraph 17 of Todd Zetter's affidavit because it refers to hearsay. Specifically, it references photos of a Bonanza aircraft similar to that owned by Bakos. Todd Zetter admits that these photographs are not of the exact plane, but states that they are an accurate description of the space available on Mr. Bakos' Bonanza for the storage of baggage.

In determining whether to strike affidavit testimony, the question is whether these exhibits would be admissible at trial. Fed. R. Civ. Pro. 56(e). If they are, in fact, a "fair and accurate representation" of the inside of a standard Bonanza they likely would be admissible. Powersource has provided no support for its contention that these photographs should be excluded beyond a statement that the comparison is speculative. Nor does Powersource allege that the interior of the Bakos Bonanza is any different than the interior depicted in the photographs. Provided they do not directly contradict previous testimony, the photographs are permitted to support the statement being made in the affidavit.

**Mia Zetter Affidavit**

Rule 56 of the Federal Rules of Civil Procedure requires that affidavits be "made on personal knowledge, [] set forth such facts as would be admissible in evidence, and [] show

affirmatively that the affiant is competent to testify to the matters stated therein." Where portions of the affidavit do not appear to be based on personal knowledge, the Court will not consider those portions, but will consider the remainder of the affidavit. *United States v Hodges X-Ray, Inc.*, 759 F2d 557 (6th Cir. 1985).

Paragraph 9

In paragraph 9 of her affidavit, Mia Zetter states that she was "told that one of the Cessnas was owned by a company controlled by Paul Goldsmith and the other Cessna was owned by Powersource. . ." [Record No. 100, Ex. 3, Record No. 101, Ex. 3] Absent some exception, this is inadmissible hearsay.

Plaintiffs' assert that such testimony would not be hearsay because it is "not being offered for its truth but rather for notice." [Record No. 110, pg. 11] Plaintiffs, therefore, are asserting that this testimony would not be hearsay because it is not being offered for the truth of the matter asserted, under Rule 801(c). Instead, plaintiffs argue that such testimony goes to show notice that Powersource was providing the transportation. However, plaintiffs offer no explanation as to why Mia Zetter's notice of who was providing the transportation would be in any way relevant to this litigation. Moreover, plaintiffs then contradict that argument in the next sentence by arguing that it turns out Mia Zetter's knowledge was accurate. [Record No. 110, pg. 11]

This in not a situation, as would be allegations regarding Agarwal's apparent authority, where Mia Zetter's relaying of hearsay testimony concerning plane ownership can be offered for any matter except the truth of the matter asserted. Hearsay in an affidavit is no substitute for personal knowledge of the party. *Sellers v M.C. Floor Crafters, Inc.*, 842 F2d 639 (2nd Cir.

1988). Thus, paragraph 9 of Mia Zetter's affidavit will not be considered in connection with the pending summary judgment motions.

Paragraph 18

For the reasons outlined above, the first sentence of paragraph 18 is also inadmissible. Mia Zetter's statements regarding ownership give no basis for knowledge, and merely convey a hearsay statement. However, the remaining two sentences regarding the interior compartment space of the Bonanza are admissible. Mia Zetter testifies that she had seen the inside of the plane, and that she knew it did not have a separate baggage compartment. Her affidavit contains an allegation that she was in a position to possess such knowledge, and in fact did possess such knowledge. This portion of her affidavit may be considered in connection with the pending motions. *Ondis v Barrows*, 538 F2d 904 (1st Cir. 1976)

Paragraph 19

Mia Zetter's speculations about the ability of the Bonanza to fit all of the luggage are in the nature of opinion testimony. Although plaintiffs do not argue as such, this type of opinion testimony is in the nature of that lay opinion which is contemplated by Rule 701 of the Federal Rules of Evidence. Any parent who has attempted to pack the family car for a long trip would be able to testify that there would be insufficient space to fit all of the families luggage. This testimony is rationally based on the perception of the witness, helpful to a clear understanding of the witness' testimony, and not based on scientific, technical, or other specialized knowledge. *United States v. Yazzie*, 976 F.2d 1252 (9th Cir. 1992). Thus, it will not be excluded in considering the pending motions.

**CONCLUSION**

For the reasons discussed herein, it is **ORDERED** that the Defendant's motion is **GRANTED** with respect to paragraph 14 of Todd Zetter's affidavit and paragraph 9 and the first sentence of Paragraph 18 of Mia Zetter's Affidavit. The motion is otherwise **DENIED**.

This 23rd day of April, 2006.




**Signed By:**

***Danny C. Reeves*** DCR

**United States District Judge**